UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

LAVAR SHORT,                                          :
                                                      :
                         Plaintiff,                   :               15CV6465
                                                      :
              - against -                             :          COMPLAINT AND
                                                      :       DEMAND FOR JURY TRIAL
THE CITY OF NEW YORK, DAVID CRUZ,                     :
and "JOHN DOE" # 1 - 4, All in Their Individual       :             ECF CASE
Capacities and in Their Official Capacities,          :
                                                      :
                         Defendants                   :
------------------------------------------------------------------x

Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the

defendants, alleges:

## NATURE OF THE ACTION

1.  This is a civil rights action to redress the defendants' violation of the rights accorded

to plaintiff Lavar Short by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the

United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the State

of New York.

2.  Plaintiff Lavar Short is a citizen of the United States who, on June 27, 2014, was the

victim of an assault and was admitted to Bronx-Lebanon Hospital Center for treatment of serious

stab wounds, where he was arrested by defendant David Cruz on June 30, 2014, on false criminal

charges of Assault in the 2nd Degree, Assault in the 3rd Degree, Menacing in the 2nd Degree,

Criminal Possession of a Weapon in the 4th Degree, and Harassment in 2nd Degree, placed under

police custody, handcuffed and shackled to a hospital bed, and denied or inhibited from access to

medical treatment until July 17, 2014, when he was arraigned in the hospital and released on his own

recognizance, and then prosecuted by defendant David Cruz on false criminal charges of Assault in

the 2nd Degree, Assault in the 3rd Degree, Menacing in the 2nd Degree, Criminal Possession of a Weapon in the 4th Degree, and Harassment in 2nd Degree.  On November 3, 2014, the charges against the plaintiff were dismissed on motion of the District Attorney.

3.  The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

### JURISDICTION AND VENUE

4.  Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Lavar Short's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendant David Cruz can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Eastern District of New York which is subject to personal jurisdiction in the Eastern District of New York.

### PARTIES

6.  Plaintiff Lavar Short is a citizen of the Untied States who resides in the County of Bronx, City and State of New York.

7.  Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8.  At all times relevant herein, defendant The City of New York maintained a police department.

9.  Defendant David Cruz is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

10.  At all times relevant herein, defendant David Cruz was acting within the scope of his employment by defendant The City of New York.

11.  Defendants "John Doe" #1 - 4 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as police officers.

12.  At all times relevant herein, defendants "John Doe" #1 - 4 were acting within the scope of their employment by defendant The City of New York.

## NOTICE OF CLAIM

13.  On February 24, 2015, plaintiff Lavar Short served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

14.  Plaintiff Lavar Short's motion to extend his time to serve a Notice of Claim with respect to his claims for false imprisonment, assault and battery, malicious prosecution and violation of state constitutional and statutory rights was granted by an order of New York Supreme Court Justice Mitchell J. Danziger dated March 12, 2015, which deemed the plaintiff's Notice of Claim to have been timely served *nunc pro tunc*.

15.  More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

16. Plaintiff incorporates by reference paragraphs 1 through 15 of this complaint as though the same were set forth fully herein.

17. On June 27, 2014, plaintiff Lavar Short was the victim of an assault in which he was stabbed and sustained a serious stab wound.

18. On the night of June 27 - June 28, 2014, after sustaining a serious stab wound to his body, plaintiff Lavar Short was transported to Bronx-Lebanon Hospital Center, where he was admitted for treatment of his wound.

19. On June 28, 2014, plaintiff Lavar Short underwent surgery for repair of the serious injuries caused by the stab wound he had sustained on June 27, 2014.

20. On June 29, 2014, while plaintiff Lavar Short was recovering from the surgery of the previous day and was heavily medicated, defendant David Cruz attempted to interrogate plaintiff Lavar Short about the circumstances of the assault in which he had been injured.

21. Defendant David Cruz became enraged at plaintiff Lavar Short during his attempt to interrogate the heavily medicated plaintiff.

22. On June 30, 2014, defendant David Cruz returned to Bronx-Lebanon Hospital Center with defendant "John Doe" #1 and arrested plaintiff Lavar Short on false criminal charges of Assault in the 2nd Degree, Assault in the 3rd Degree, Menacing in the 2nd Degree, Criminal Possession of a Weapon in the 4th Degree, and Harassment in 2nd Degree.

23. Defendant "John Doe" #1 assisted defendant David Cruz in arresting plaintiff Lavar Short.

24. Plaintiff Lavar Short had not committed any of the crimes for which defendants David Cruz and "John Doe" #1 arrested him.

25. Defendants David Cruz and "John Doe" #1 did not have a warrant or other legal process directing or authorizing the arrest of plaintiff Lavar Short.

26. Defendant David Cruz handcuffed plaintiff Lavar Short to a hospital bed and shackled the plaintiff's legs.

27. Upon information and belief, defendants "John Doe" # 2 - 4 were assigned to guard plaintiff Lavar Short during the time that plaintiff Lavar Short was a patient at Bronx-Lebanon Hospital Center.

28. On information and belief, on or about June 30, 2014, defendant David Cruz falsely informed an assistant district attorney in the office of the Bronx County District Attorney that defendant Lavar Short had slashed another individual in the stomach and left shoulder.

29. On June 30, 2014, defendant David Cruz instituted a criminal proceeding against plaintiff Lavar Short in the Criminal Court of the City of New York, County of Bronx, under docket No. 2014BX036064, accusing the plaintiff of the crimes of Assault in the 2nd Degree, Assault in the 3rd Degree, Menacing in the 2nd Degree, Criminal Possession of a Weapon in the 4th Degree, and Harassment in 2nd Degree.

30. Upon information and belief, defendants David Cruz and "John Doe" #1 failed to take any steps to bring plaintiff Lavar Short before a magistrate promptly for arraignment on the criminal charges for which defendants David Cruz and "John Doe" #1 had arrested the plaintiff.

31. Upon information and belief, defendants "John Doe" #2 -4 failed to take any steps to bring plaintiff Lavar Short before a magistrate promptly for arraignment on the criminal charges for which defendants David Cruz and "John Doe" #1 had arrested the plaintiff.

32. As a result of the arrest by defendants David Cruz and "John Doe" #1, plaintiff Lavar Short was handcuffed and shackled to his bed in Bronx-Lebanon Hospital Center from June 30, 2014

to July 17, 2014.

33.  On July 17, 2014, while still in Bronx Lebanon Hospital Center, plaintiff Lavar Short was arraigned before a Judge of the Criminal Court of the City of New York, County of Bronx, and released from custody on his own recognizance.

34.  On November 3, 2014, the charges against plaintiff Lavar Short were dismissed on motion of the District Attorney.

**COUNT ONE**
**FALSE IMPRISONMENT UNDER 42 U.S.C. §1983**

35.  Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint as though the same were set forth fully herein.

36.  The seizure, arrest and imprisonment of plaintiff Lavar Short on June 30, 2014, were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

37.  The charges upon which defendants David Cruz and "John Doe" #1 arrested plaintiff Lavar Short were false.

38.  The charges were made by defendant David Cruz and "John Doe" #1 against plaintiff Lavar Short with knowledge that they were false.

39.  Defendant "John Doe" #1 acted in concert in with defendant David Cruz in the seizure, arrest and imprisonment of plaintiff Lavar Short and/or could have intervened to stop the unlawful arrest and imprisonment of the plaintiff.

40.  Defendants "John Doe" #2 - 4 aided and abetted defendant David Cruz in the imprisonment of plaintiff Lavar Short and/or could have intervened to terminate the imprisonment.

41. Plaintiff Lavar Short was aware of his seizure, arrest and imprisonment by defendants David Cruz and "John Doe" #1 - 4.

42. Plaintiff Lavar Short did not consent to his seizure, arrest or imprisonment.

43. As a result of the foregoing, plaintiff Lavar Short was deprived of his liberty, was imprisoned, was handcuffed and shackled to a hospital bed, was deprived of proper and complete physical therapy treatment, and suffered emotional and physical distress, embarrassment and humiliation.

44. The seizure, arrest and imprisonment of plaintiff Lavar Short by defendants David Cruz and "John Doe" #1 on June 30, 2014, and the continued imprisonment of plaintiff Lavar Short without prompt arraignment by defendants "John Doe" #2 - 4, deprived the plaintiff of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

45. Defendants David Cruz and "John Doe" #1 - 4 were acting under color of state law when they seized, arrested and imprisoned plaintiff Lavar Short.

46. Defendants David Cruz and "John Doe" #1 - 4 deprived plaintiff Lavar Short of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment, and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Lavar Short on false criminal charges.

## COUNT TWO
## DELAY IN ARRAIGNMENT UNDER 42 U.S.C. 1983

47.   Plaintiff incorporates by reference paragraphs 1 through 46 of this Complaint as though the same were set forth fully herein.

48.   Defendants David Cruz and "John Doe" #1 - 4 had a duty to bring plaintiff Lavar Short before a local criminal court for arraignment without unnecessary delay.

49.   Defendants David Cruz and "John Doe" #1 - 4 failed to provide plaintiff Lavar Short with an arraignment in Bronx-Lebanon Hospital Center without unnecessary delay.

50.   By failing to provide plaintiff Lavar Short with a hospital arraignment in Bronx-Lebanon Hospital Center without unnecessary delay, defendants David Cruz and "John Doe" #1 -4 deprived the plaintiff of his right to a speedy arraignment.

51.   As a result of the foregoing, plaintiff Lavar Short was unnecessarily handcuffed and shackled to a hospital bed for 18 days.

52.   Plaintiff Lavar Short was aware of his extended imprisonment by defendants David Cruz and "John Doe" #1 - 4.

53.   Plaintiff Lavar Short did not consent to his imprisonment.

54.   As a result of the foregoing, plaintiff Lavar Short was deprived of his liberty, was imprisoned, handcuffed and shackled to a hospital bed for 18 days and was subjected to physical and mental distress.

55.   The extended imprisonment of plaintiff Lavar Short without prompt arraignment by defendants David Cruz and "John Doe" #1 - 4 deprived the plaintiff of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

56. The extended imprisonment of plaintiff Lavar Short without prompt arraignment by defendants David Cruz and "John Doe" #1 - 4 deprived the plaintiff of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

57. Defendants David Cruz and "John Doe" #1 - 4 were acting under color of state law when they imprisoned plaintiff Lavar Short for an extended period of time without providing the plaintiff with a hospital arraignment without unnecessary delay.

58. Defendants David Cruz and "John Doe" #1 - 4 deprived plaintiff Lavar Short of his rights to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by imprisoning plaintiff Lavar Short without providing for a prompt hospital arraignment.

### COUNT THREE
### UNREASONABLE SEIZURE UNDER 42 U.S.C. §1983

59. Plaintiff incorporates by reference paragraphs 1 through 58 of this Complaint as though the same were set forth fully herein.

60. Defendants David Cruz and "John Doe" #1 - 4 knew that plaintiff Lavar Short had undergone surgery for stab wounds on June 28, 2014.

61. Defendants David Cruz and  "John Doe" #1 - 4 deprived plaintiff Lavar Short of proper medical treatment, to wit, appropriate rehabilitative activity by handcuffing and shackling the plaintiff to a hospital bed after arresting him on false criminal charges and refusing to remove the handcuffs and shackles to facilitate rehabilitative activity.

62.  Defendants David Cruz and "John Doe" #1 - 4 disregarded a risk of harm to plaintiff Lavar Short from lack of proper medical treatment of which they were aware.

63.  Defendants David Cruz and  "John Doe" #1 - 4 deprived plaintiff Lavar Short of his right to be secure in his person against unreasonable seizures guaranteed by the Fourth Amendment of the Constitution of the United States by denying the plaintiff medical treatment by restraining him to a hospital bed and refusing to remove handcuffs and shackles which confined the plaintiff to the hospital bed to facilitate medical treatment and rehabilitative activity.

64.  Defendants David Cruz and "John Doe" #1 - 4 were acting under color of state law when they denied plaintiff Lavar Short access to proper medical treatment by handcuffing and shackling him to a hospital bed after arresting him on false criminal charges and refusing to remove the handcuffs and shackles to facilitate proper medical treatment and rehabilitative activity.

65.  Defendants David Cruz and "John Doe" #1 - 4 deprived plaintiff Lavar Short of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by handcuffing and shackling the plaintiff to a hospital bed and refusing to remove the handcuffs and shackles to facilitate proper medical treatment and rehabilitative activity.

## COUNT FOUR
## DENIAL OF DUE PROCESS UNDER 42 U.S.C. §1983

66.  Plaintiff incorporates by reference paragraphs 1 through 65 of this Complaint as though the same were set forth fully herein.

67.  Defendants David Cruz and "John Doe" #1 - 4 disregarded a risk of harm to plaintiff Lavar Short from lack of proper medical treatment of which they were aware.

68. Defendants David Cruz and "John Doe" #1 - 4 acted with deliberate indifference to plaintiff Lavar Short's physical condition.

69. Defendants David Cruz and "John Doe" #1 - 4 deprived plaintiff Lavar Short of his right to due process of law guaranteed by the Fourteenth Amendment of the Constitution of the United States by denying the plaintiff medical treatment by refusing to remove the handcuffs and shackles which confined the plaintiff to a hospital bed to facilitate proper medical care and rehabilitative activity.

70. Defendants David Cruz and "John Doe" #1 - 4 were acting under color of state law when they denied plaintiff Lavar Short access to medical treatment by handcuffing and shackling him to a hospital bed after arresting him on false criminal charges and refusing to remove the handcuffs and shackles to facilitate proper medical care and rehabilitative activity.

71. Defendants David Cruz and "John Doe" #1 - 4 deprived plaintiff Lavar Short of his right to due process of law guaranteed by the Fourteenth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by handcuffing and shackling the plaintiff to a hospital bed and refusing to remove the handcuffs and shackles to facilitate proper medical care and rehabilitative activity.

## COUNT FIVE
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

72. Plaintiff incorporates by reference paragraphs 1 through 71 of this Complaint as though the same were set forth fully herein.

73. The criminal charges brought by defendant David Cruz against plaintiff Lavar Short in the Criminal Court of the City of New York, County of Bronx, were false.

74. Defendant David Cruz instituted the criminal proceeding against plaintiff Lavar Short with knowledge that the charges were false.

75. Defendant David Cruz instituted the criminal proceeding against plaintiff Lavar Short without probable cause to believe that plaintiff Lavar Short had committed the crimes charged.

76. Defendant David Cruz was acting with malice when he commenced the criminal proceeding against plaintiff Lavar Short.

77. The criminal proceeding instituted by defendant David Cruz against plaintiff Lavar Short was terminated in plaintiff Lavar Short's favor.

78. Defendant David Cruz was acting under color of state law when he falsely informed an assistant district attorney in the office of the Bronx County District Attorney that defendant Lavar Short had slashed another individual in the stomach and left shoulder.

79. Defendant David Cruz was acting under color of state law when he instituted a criminal proceeding against plaintiff Lavar Short in the Criminal Court of the City of New York, County of Bronx, accusing the plaintiff of the crimes Assault in the 2nd Degree, Assault in the 3rd Degree, Menacing in the 2nd Degree, Criminal Possession of a Weapon in the 4th Degree, and Harassment in the 2nd Degree.

80. Defendant David Cruz deprived plaintiff Lavar Short of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against the plaintiff on false criminal charges

81. As a result of the criminal proceeding instituted by defendant David Cruz, plaintiff Lavar Short suffered emotional and physical distress, public ridicule, scorn, humiliation and embarrassment.

## COUNT SIX
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

82.  Plaintiff incorporates by reference paragraphs 1 through 81 of this Complaint as though the same were set forth fully herein.

83.  The acts complained of were carried out by defendants David Cruz and "John Doe" #1 - 4 in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

84.  Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons without probable cause in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

85.  The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a)  Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(b)  Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c)  Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

(d)  Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

86. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

87. The arrest and imprisonment of plaintiff Lavar Short on June 30, 2014 resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

88. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

89. Defendant The City of New York deprived plaintiff Lavar Short of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

## COUNT SEVEN
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

90. Plaintiff incorporates by reference paragraphs 1 through 89 of this Complaint as though the same were set forth fully herein.

91. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City

Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants David Cruz and "John Doe" #1 - 4 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

92.   Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

93.   The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

94.   Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

95.   Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Lavar Short would be violated.

96.   Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Lavar Short.

97.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

98.   Defendant The City of New York deprived plaintiff Lavar Short of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth

Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the arrest, hospital confinement in handcuffs and shackles, and prosecution of plaintiff Lavar Short on June 30, 2014.

99.   The aforesaid conduct of defendant The City of New York violated the plaintiff's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT EIGHT
## COMMON LAW BATTERY

100.   Plaintiff incorporates by reference paragraphs 1 through 99 of this Complaint as though the same were set forth fully herein.

101.   Defendants David Cruz and "John Doe" #1 - 4 committed a continuing battery on the person of plaintiff Lavar Short by handcuffing and shackling the plaintiff to a hospital bed for a period of 18 days.

102.   As a result of the foregoing, plaintiff Lavar Short continuously experienced pain and discomfort in his wrist, ankles and legs for the 18 days during which he was handcuffed and shackled to a hospital bed.

## COUNT NINE
## COMMON LAW FALSE IMPRISONMENT

103.   Plaintiff incorporates by reference paragraphs 1 through 102 of this Complaint as though the same were set forth fully herein.

104.   Defendants David Cruz, "John Doe" #1 - 4 and The City of New York falsely imprisoned plaintiff Manuel Lora by seizing, detaining, arresting and imprisoning him on false criminal charges.

105.   As a result of the foregoing, plaintiff Manuel Lora was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

**COUNT TEN**
**COMMON LAW FALSE IMPRISONMENT - DELAY IN ARRAIGNMENT**

106.   Plaintiffs incorporate by reference paragraphs 1 through 105 of this Complaint as though the same were set forth fully herein.

107.   The imprisonment of plaintiff Lavar Short by defendants David Cruz, "John Doe" #1 -4 and The City of New York violated the provisions of New York Criminal Procedure Law §140.20.

108.   The imprisonment of plaintiff Lavar Short by defendants David Cruz, "John Doe" #1 - 4 and The City of New York violated the plaintiff's right to be brought before a local criminal court without unnecessary delay.

109.   As a result of the foregoing, plaintiff Lavar Short was unnecessarily imprisoned for an extended period of time.

110.   Plaintiff Lavar Short was aware of his imprisonment by defendants David Cruz, "John Doe" #1 -4 and  The City of New York.

111.   Plaintiff Lavar Short did not consent to his imprisonment by defendants David Cruz, "John Doe" #1 -4 and The City of New York.

112.   As a result of the foregoing, plaintiff Lavar Short was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress.

## COUNT ELEVEN
## <u>COMMON LAW MALICIOUS PROSECUTION</u>

113.  Plaintiff incorporates by reference paragraphs 1 through 112 of this Complaint as though the same were set forth fully herein.

114.  Defendants David Cruz and The City of New York maliciously prosecuted plaintiff Lavar Short on false charges of Assault in the 2nd Degree, Assault in the 3rd Degree, Menacing in the 2nd Degree, Criminal Possession of a Weapon in the 4th Degree, and Harassment in 2nd Degree.

115.  As a result of the criminal proceeding instituted by defendants David Cruz and The City of New York, plaintiff Lavar Short was subjected to mental and emotional distress and was exposed to public ridicule, scorn, humiliation and embarrassment.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Lavar Short respectfully requests that this Court grant the following relief:

A.  Award plaintiff Lavar Short compensatory damages to be determined by the jury at the time of trial;

B.  Award plaintiff Lavar Short punitive damages to be determined by the jury at the time of trial;

C.  Award plaintiff Lavar Short reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D.  Grant such further relief as the Court deems necessary and proper.

### JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
         August 14, 2015

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
    Steven D. Michelstein (SM3323)
Attorneys for Plaintiff
485 Madison Avenue - Suite 1300
New York, New York 10022
malaw485@yahoo.com
(212) 588-0880