UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/18/18

LAVAR SHORT,

            Plaintiff,

v.

THE CITY OF NEW YORK, *et al.*,

            Defendants.

No. 15-CV-6465 (RA)

MEMORANDUM OPINION
AND ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Lavar Short, now proceeding *pro se*, sued Defendants alleging that they unlawfully searched, arrested, and detained him under 42 U.S.C. § 1983 and in violation of various state laws. For the reasons set forth below, the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

On August 17, 2015, Plaintiff, at that point represented by counsel, filed his complaint. Dkt. 1. Defendants answered on November 13, 2015. Dkt. 8. Plaintiff filed an amended complaint on May 13, 2016, Dkt. 19, which Defendants answered on June 30, 2016, Dkt. 25. On December 18, 2017, after discovery had commenced in this case, Plaintiff's counsel moved to withdraw due to a breakdown of communication and irreconcilable differences with his client. Dkt. 45. On January 12, 2018, the Court granted counsel's motion to withdraw, and granted Plaintiff a sixty-day stay of this action to allow him to obtain new counsel. Dkt. 51.[*]

---

[*] The action remained stayed pending Plaintiff's responses to the Court's orders.

On April 3, 2018, after no new counsel had appeared on Plaintiff's behalf, the Court ordered Plaintiff to notify it, by April 30, 2018, of his updated contact information, the status of this action, and to identify any outstanding issues in the case. Dkt. 55. The Court informed Plaintiff that if he did not meet this deadline, this matter "may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* The Court also provided Plaintiff with information regarding a legal clinic that offers assistance to *pro se* parties in civil cases. *Id.*

On May 7, 2018, after again not hearing from Plaintiff, the Court allowed him "one last chance to respond." Dkt. 56. The Court instructed Plaintiff to submit a letter to this Court, by June 15, 2018, stating whether he intended to continue with this lawsuit and providing his updated contact information. *Id.* The Court stated that, if "Plaintiff does not inform the Court that he intends to prosecute this action by June 15, 2018, this matter will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* As before, the Court provided Plaintiff with information concerning a legal clinic that aids *pro se* plaintiffs in civil actions. *Id.*

The deadline of June 15, 2018 has long since expired, and the Court has still received no response from Plaintiff.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5)

2

whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). Furthermore, "a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Id.* (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

## DISCUSSION

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiff's failure to prosecute is significant: Plaintiff has not communicated with the Court in any manner since the Court granted his counsel's motion to withdraw on January 12, 2018 (almost a full year ago), and, for over eight months, he has been noncompliant with this Court's orders requiring him to submit some indication of his intent to prosecute this action. *See, e.g., Moreno v. Jeung*, 309 F.R.D. 188, 190 (S.D.N.Y. 2015) (dismissing a case under Rule 41(b) where Plaintiffs did not contact the Court for "over three months"). Second, Plaintiff was on notice that his failure to comply would result in dismissal: the Court issued an order explicitly warning Plaintiff that this action would be dismissed if he failed to respond. *See Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third, Plaintiff has been given several opportunities to be heard; indeed, Plaintiff was required only to notify the Court that he "intends to prosecute this action" to avoid

3

dismissal. Fourth, this case has been stayed for almost a year, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of these considerations, the Court finds that Plaintiff's non-compliance warrants dismissal.

On balance, however, and in light of Plaintiff's *pro se* status, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216. Although there has been some discovery in this action, including the depositions of Plaintiff and at least one defendant, *see* Dkt. 44, at this point "there is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself." *See LeSane*, 239 F.3d at 210. Moreover, this action has not substantially burdened the Court's docket: the Court has not decided any substantive motions and has not scheduled trial. Under these circumstances, the Court finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiff's failure to comply with the Court's orders. *See, e.g., Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)); *see also* 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice . . . .").

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated:    December 18, 2018
              New York, New York

_____
Ronnie Abrams
United States District Judge